# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00291 |
| v. | (Judge Brann) |
| NATHAN CROWDER, MARKEESE ASKEW, WAYNE DAVIDSON, and RAYMOND HOWARD, | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 21, 2019

**I.    BACKGROUND**

Defendant Nathan Crowder was indicted on September 28, 2017 on one count of conspiracy.[1] A superseding and then a second superseding indictment were subsequently filed.[2] The superseding indictments brought three additional defendants into the fray, Markeese Askew, Wayne Davidson, and Raymond Howard, together with an additional sixteen counts. All defendants were charged in Count 1, conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846.

---

[1]    ECF No. 1.

[2]    ECF No. 46.

Crowder was additionally charged in Count 2, possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); and Counts 3, 7, 11, 12, and 13, all possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1).

Askew has been charged in Counts 10, 14 and 17, all possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1); Count 15 possession with intent to distribute/distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1); and Count 16 possession with intent to distribute/distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Davidson was charged in Counts 4, 5, 6, and 8, all possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1); and Count 9 possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

Crowder has filed a "Motion for Pre-Trial Disclosure of *Brady* Material and Early Disclosure of Jencks Material"[3] joined by Defendants Howard and Davidson, that necessarily impacts Defendant Askew as well. The motion, now ripe for disposition, is granted in part and denied in part to the extent discussed below in this Memorandum Opinion.

---

[3] ECF No. 124.

## II. DISCUSSION

Specifically, Defendant Crowder's motion requests that the Government turn over *Brady* material (implicitly including *Giglio* material as well) immediately and Jencks material thirty-days prior to trial. Jencks Act material deals with witness statements; it is codified in Title 18 of the United States Code at Section 3500(a). It reads, in pertinent part, that "in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." "The government has no obligation to produce Jencks material until the witness has testified."[4]

"The Third Circuit has explicitly held that district courts may not compel production of Jencks material prior to a witness testifying on direct examination."[5] "The Third Circuit has, however, encouraged the prevailing practice of United States Attorneys of "delivering Jencks material to defense counsel sufficiently in

---

[4] *United States v. Long-Parham*, 183 F. Supp. 3d 746, 751 (W.D. Pa. 2016) *citing United States v. Maury*, 695 F.3d 227, 248 (3d Cir.2012).

[5] *United States v. Hammonds*, No. 1:11-CR-166, 2012 WL 162363, at *1-2 (M.D. Pa. Jan. 19, 2012) (Conner, J.) *see also United States v. Murphy*, 569 F.2d 771, 773 (3d Cir.1978); *and see United States v. Mote*, No. 3:07–CR–144, 2010 WL 2404360, at *5 (M.D.Pa. Jun.10, 2010).

advance of the conclusion of direct examination to obviate trial interruptions solely to permit defense counsel to study the disclosures."[6]

I conclude, therefore, that I cannot compel the United States to produce Jencks material to Defendants prior to the witnesses' testimony. The Government has offered to turn over Jencks Act material forty-eight (48) hours prior to each witness's testimony. I strongly encourage the Government to turn over Jencks material at least that early, if not before.

*Brady v. Maryland*,[7] requires the Government to disclose to the defense all exculpatory evidence in its actual or constructive possession. This rule of law has become so well known, that practitioners refer to exculpatory evidence as simply "*Brady* material." The Government violates a defendant's due process rights if it does not disclose this material.[8] *Brady* evidence is that which is material, relevant to guilt or punishment, favorable to the accused, and within the possession (either actual or constructive) of those acting on behalf of the Government.[9] The "*Brady*

---

[6] *Id. citing Murphy*, 569 F.2d at 773 n. 5.
[7] 373 U.S. 83 (1963).
[8] *Id.*
[9] *Id.*

doctrine generally is understood as a rule of minimum fairness."[10] "It establishes a prosecutorial obligation rather than a general rule of pretrial discovery."[11]

"Both Brady and the Jencks Act entrust the Government with deciding which evidence might be helpful to its opponent."[12] "It is well-settled that the government's obligations under *Brady* require it to disclose actual exculpatory evidence without undue delay."[13] "A district court has general discretionary authority to order the pretrial disclosure of *Brady* impeachment material and that discretion is to be exercised in a manner which ensures the effective administration of the criminal justice system."[14] "No denial of due process occurs if *Brady* material is disclosed to appellees in time for its effective use at trial."[15]

Accordingly, the Government is directed to produce *Brady* material to Defendants on a rolling basis as it becomes available. For *Brady* material currently in the Government's possession, but undisclosed to Defendants, the Government shall produce it as soon as practicable. For evidence that is not yet in the

---

[10] *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015), *see also United States v. Higgs*, 713 F.2d 39, 42 (3d Cir.1983), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 725, 79 L.Ed.2d 185 (1984).

[11] *Beech* at 441.

[12] *United States v. Whitehead*, 165 F. Supp. 3d 281, 283 (E.D. Pa. 2016).

[13] *United States v. Johnson*, 218 F. Supp. 3d 454, 459 (W.D. Pa. 2016) (internal citations and quotations omitted).

[14] *Id.*

[15] *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983).

Government's possession, such *Brady* material shall be disclosed to Defendants within twenty days of its unearthing by the Government.[16] "To the extent that any exculpatory materials or statements may contain *Giglio* or Jencks Act material, the government may redact such additional information in its disclosures."[17]

*Brady* material includes impeachment evidence. The United States Supreme Court held in *Giglio v. United States*[18] that the Government was required to disclose evidence relating to the credibility of a government witness when that witness's credibility was "an important issue in the case."[19] "A defendant's due process rights to a fair trial are not violated where the disclosure of *Brady* impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of *Brady* material, including impeachment [] materials."[20] However, the Third Circuit has also made it clear

---

[16] *See* e.g. *United States v. Mariani,* 7 F. Supp. 2d 556, 558 (M.D. Pa. 1998) (directing the Government to produce *Brady* material 20 days from the date of the Order, but acknowledging that the Government is under no obligation to disclose Jencks Act and *Giglio* material prior to trial); *United States v. Charles Musto*, No. 3:16CR90, 2016 WL 4158815, at *3 (M.D. Pa. Aug. 5, 2016) (Munley, J.) (ordering immediate inspection and copying of Brady material); *United States v. Ralph Musto*, No. 3:10-CR-338, 2011 WL 2015223, at *4 (M.D. Pa. May 24, 2011) (Caputo, J.) (ordering the prosecution to release any *Brady* material no later than seven days before the commencement of trial.)

[17] *United States v. D'Elia*, No. 3:CR-06-191, 2007 WL 2458487, at *9 (M.D. Pa. Aug. 24, 2007) (Vanaskie, J.).

[18] 405 U.S. 150 (1972).

[19] *Id.* at 155.

[20] *Johnson*, at 459.

that a Defendants "right to a fair trial [is] fully protected if disclosure" of "information [Defendants] could use on cross-examination to challenge the credibility of government witnesses" is "disclose[d] the day that the witness testifies."[21]

Here, the Government has offered to produce *Giglio* impeachment material three days prior to trial. "The government is under no obligation to disclose such material prior to trial,"[22] yet "the court has discretionary authority to compel pretrial disclosure of *Giglio* material to ensure the effective administration of the criminal justice system."[23] "Generally, courts find the need for early disclosure is stronger for exculpatory evidence as compared to impeachment evidence, as impeachment evidence does not require counsel to be given substantial time in advance to review."[24]

In sum, "impeachment material falls outside the Third Circuit's longstanding tradition of encouraging early disclosure of Brady material that is purely exculpatory."[25]

---

[21] *Higgs* at 44.

[22] *United States v. Mariani*, 7 F. Supp. 2d 556, 558 (M.D. Pa. 1998) (Vanaskie, J.).

[23] *United States v. Hammonds*, No. 1:11-CR-166, 2012 WL 162363, at *1 (M.D. Pa. Jan. 19, 2012) (Conner, J.) (internal citation and quotation omitted).

[24] *United States v. D'Elia*, No. 3:CR-06-191, 2007 WL 2458487, at *9 (M.D. Pa. Aug. 24, 2007) (Vanaskie, J.) (internal citation and quotation omitted).

[25] *Id.*

I find that disclosure of *Giglio* materials at least one week prior to a date-certain trial in this matter fully protects Defendants rights to a fair trial and provides defense counsel with sufficient time to effectively utilize the information disclosed.[26]

## III. CONCLUSION

For the reasons delineated above, the pending motion is granted in part and denied in part. The Government shall produce previously unproduced *Brady* material immediately and thereafter on a rolling basis. *Giglio* material shall be disclosed one week prior to a date-certain trial. Jencks Act material shall be produced at the discretion of the Government. To the extent, however, that Defendant Crowder's motion asks for disclosures beyond those mandated and specifically delineated by Rule 16, the Jencks Act, and constitutional requirements, Defendant's motion is denied.[27]

---

[26] See e.g. *United States v. Hammonds*, No. 1:11-CR-166, 2012 WL 162363, at *1 (M.D. Pa. Jan. 19, 2012) (Conner, J.) (ordering production of *Giglio* material seven days prior to trial); *United States v. Charles Musto*, No. 3:16CR90, 2016 WL 4158815, at *3 (M.D. Pa. Aug. 5, 2016) (Munley, J.) (ordering production of *Giglio* material fourteen days before the start of trial.); *United States v. Ralph Musto*, No. 3:10-CR-338, 2011 WL 2015223, at *4 (M.D. Pa. May 24, 2011) (Caputo, J.) (ordering the prosecution to release any *Giglio* material no later than seven days before the commencement of trial.); *United States v. Moyer*, 726 F. Supp. 2d 498, 513 (M.D. Pa. 2010) (Caputo, J.) (ordering production of *Giglio* material three days prior to trial); and United States v. D'Elia, No. 3:CR-06-191, 2007 WL 2458487, at *9 (M.D. Pa. Aug. 24, 2007) (Vanaskie, J.) ("The government need not disclose Giglio materials, however, until three (3) days before trial.").

[27] See, e.g., *United States v. Guerrier*, No. 16-CR-CR-33, 2017 WL 477724, at *3 (M.D. Pa. Feb. 2, 2017) (Caputo, J.).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge