# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00291 |
| v. | (Judge Brann) |
| NATHAN CROWDER,<br>MARKEESE ASKEW,<br>WAYNE DAVIDSON, and<br>RAYMOND HOWARD, | |
| Defendant. | |

## MEMORANDUM OPINION

### MARCH 22, 2019

## I. BACKGROUND

Defendant Nathan Crowder was indicted on September 28, 2017 on one count of conspiracy.[1] A superseding and then a second superseding indictment were subsequently filed.[2] The superseding indictments brought three additional defendants into the case, Markeese Askew, Wayne Davidson, and Raymond Howard, together with an additional sixteen counts. All defendants were charged in Count 1, conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846.

---

[1] ECF No. 1.
[2] ECF No. 46.

Crowder was additionally charged in Count 2, possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); and Counts 3, 7, 11, 12, and 13, all possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1).

Askew was charged in Counts 10, 14 and 17, all possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1); Count 15 possession with intent to distribute/distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1); and Count 16 possession with intent to distribute/distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Davidson was charged in Counts 4, 5, 6, and 8, all possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1); and Count 9 possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

Crowder has filed a "Motion for a Pre-Trial *James* Hearing to Determine the Existence of a Conspiracy and the Admissibility of Co-conspirator's Statements,"[3] joined by Defendants Howard and Askew, that necessarily impacts Defendant Davidson as well. The motion is now ripe for disposition. It is denied for the reasons stated below in this Memorandum Opinion.

---

[3] ECF No. 126.

## II. DISCUSSION

The United States Court of Appeals for the Fifth Circuit in *United States v. James*,[4] set forth the standard for handling the admissibility of coconspirator statements. *James* hearings are proceedings during which a court holds a pre-trial hearing to determine the admissibility of coconspirator statements in accordance with the Federal Rules of Evidence.

Pursuant to Federal Rule of Evidence 801(d)(2)(E), coconspirator hearsay evidence is properly admitted "if the trial court determines that: (1) a conspiracy is proven by a preponderance of the evidence; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course and furtherance of the conspiracy."[5] *James* held that Federal Rule of Evidence 104 required the "judge alone to make the determination of the admissibility of the [801(d)(2)(E)] evidence."[6] *James* also explained the practical, procedural end of this determination. "The district court should, whenever

---

[4] 590 F.2d 575 (5th Cir. 1979).

[5] *United States v. Johnson*, 4 F.3d 904, 914 (10th Cir. 1993), but see *James* at 578, holding that the standard is "substantial evidence," rather than preponderance. The Third Circuit has maintained the preponderance standard: "Generally, the trial judge makes a finding that the government has shown the conspiracy's existence by a preponderance of the evidence before the statement is admitted." *United States v. De Peri*, 778 F.2d 963, 981 (3d Cir. 1985).

[6] *James*, at 579-80.

reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator."[7]

A *James* hearing is not always required, however. "If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up."[8]

The United States Court of Appeals for the Seventh Circuit has explained a trial court's two options – *James* hearing or conditional admittance – as follows:

> It can admit the statements subject to the government's eventual proof by a preponderance of the evidence of the elements required under rule 801(d)(2)(E). If the government fails its burden, the court will either declare a mistrial or issue an appropriate limiting instruction, depending on the degree of damage done by the declarations admitted.
>
> Alternatively, the court can require the government to make a preliminary showing of its proof on the declarations and the conspiracy from which the court can determine whether the government will satisfy its burden under *Santiago*. [*United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978).] The court may require the government to come forth with its proof on the conspiracy issue. Such a procedure will result in a duplication of efforts, however, for the same proof will most likely be offered at trial. Furthermore, because the *Santiago* determination is subject to change during the trial, holding a full blown pretrial hearing for a decision which is not final is an inefficient means of resolving the issue.[9]

---

[7] *James* at 582.

[8] *Id.*

[9] *United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985).

The United States Court of Appeals for the Third Circuit has approved trial courts admitting coconspirator statements conditionally subject to later 'connecting up.' "In complex trials involving a large amount of interrelated testimony, it may be necessary to admit the statements provisionally, subject to a later finding of a conspiracy established by the preponderance of independent evidence."[10]  In fact, although the Third Circuit has cautioned against this approach, it is common in the Middle District of Pennsylvania for "the government to introduce into evidence the co-conspirator declarations 'subject to later connection.'"[11]

## III. CONCLUSION

Defendant Crowder's motion is denied.  The Court respectfully declines to hold a *James* hearing.[12]  I will conditionally admit the statements subject to later 'connecting up,' and at the conclusion of the Government's case in chief at trial will make a *Trowery* finding, by a preponderance of the evidence, "to determine

---

[10] *United States v. De Peri*, 778 F.2d 963, 981 (3d Cir. 1985), *see also United States v. Johnson*, 535 F.3d 82 (8th Cir. 2008); *United States v. West*, 58 F.3d 133, 142 (5th Cir. 1995) ("hearing is required and the district court was free to allow admission of the testimony before making its determination of whether the testimony fit within Rule 801(d)(2)(E).").

[11] *United States v. Steinmetz*, 643 F. Supp. 537, 542 (M.D. Pa. 1986) (Caldwell, J.).

[12] Moreover, the Government is under no obligation to disclose coconspirator statements in discovery.  "Disclosure of co-conspirator statements is not required, reasoning that "allowing a defendant to discover the statement of a co-conspirator as his own would transmogrify the coconspirator into the person of the defendant himself.... [A] defendant who fears further disclosure by a coconspirator could take whatever unlawful steps are necessary to insure that his alter ego is silenced." *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 519 (S.D.N.Y. 2007).

whether the evidence is competent as against the nondeclarant."[13] This will be done in accordance with Federal Rules of Evidence 104 and 801(d)(2)(E).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] *United States v. Trowery*, 542 F.2d 623, 627 (3d Cir. 1976).