# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        v.

NATHAN CROWDER,

        Defendant.

No. 4:17-CR-00291

(Judge Brann)

## MEMORANDUM OPINION

### MAY 30, 2019

## I.    BACKGROUND

Defendant Nathan Crowder has been charged with one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and five counts of possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1).

On November 30, 2018, Crowder filed a "Motion to Strike Information pursuant to 21 U.S.C. § 851" and contemporaneously filed a brief in support of the motion.[1]  The Government opposed the motion[2] and Crowder filed a reply brief.[3]

---

[1]    ECF Nos. 128 and 129.

[2]    ECF Nos. 139 and 143.

[3]    ECF No. 148.

A hearing to consider argument and take evidence[4] on the motion was held April 22, 2019.  The motion is now ripe for disposition; for the reasons that follow, it is denied.

## II.  DISCUSSION

Title 21 U.S.C. § 851 "Proceedings to establish prior convictions states, in relevant part:

**(a) Information filed by United States Attorney**

**(1)** No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

**(2)** An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

*****

---

[4]    Although neither side admitted any evidence.

**(c) Denial; written response; hearing**

**(1)** If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

**(2)** A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

**(d) Imposition of sentence**

**(1)** If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

**(2)** If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that

determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

On December 14, 2017, the Government filed against Crowder the first of two Informations pursuant to Section 851.[5] The Government concedes that the first Information was defective and erroneously filed, as it identified "convictions belong to Hakim Handy, another criminal defendant charged with the trafficking of narcotics in this Court who was also subject to the filing of an Information of Prior Conviction."[6] During the April 22, 2019 hearing, the Government made an oral motion to withdraw the December 14, 2017 Information, which I granted.[7]

On June 26, 2018, the Government filed a second Information pursuant to Section 851 against Crowder.[8] This Information uses two prior offenses as predicates pursuant to Section 851. Specifically, it alleges:

1) CP-41-CR-000968-2008, Count 1, Lycoming County Court of Common Pleas, arrest date 05/09/2008, disposition date 05/26/2009, guilty plea to 35 § Pa. C.S. 780-113 §§ (a)(30), Manufacturing, Delivery, or Possessing with the Intent to Deliver a Controlled Substance, punishable under Pennsylvania law by greater than one year in prison.

2) CP-41-CR-0000074-2016, Count 2, Lycoming County Court of Common Pleas, arrest date 01/03/2016, disposition date 07/12/2016, no

---

[5]   ECF No. 24.

[6]   ECF No. 139 at 19.

[7]   ECF No. 24.

[8]   ECF No. 97.

- 4 -

contest plea to 35 § Pa. C.S. §780-113 §§ (a)(30), Manufacturing, Delivery, or Possessing with the Intent to Deliver a Controlled Substance, punishable under Pennsylvania law by greater than one year in prison.[9]

Subsequently, Crowder notified the Government that the second prior conviction[10] listed in the second Information pursuant to 21 U.S.C. § 851 (that the Government is attempting to use as a predicate offense to increase the statutory mandatory minimum) does not, in fact, qualify as a predicate offense. In sum, Crowder contends that his plea of 'no contest' was to an ungraded misdemeanor possession, rather than to a felony offense. The Government conceded in both its brief opposing the motion and at the April 22, 2019 hearing that the 2016 conviction does not qualify as a predicate offense.[11] Therefore, the motion to strike Crowder's conviction of "CP-41-CR-0000074-2016, Count 2, Lycoming County Court of Common Pleas, arrest date 01/03/2016, disposition date 07/12/2016, no contest plea to 35 § Pa. C.S. §780-113 §§ (a)(30), Manufacturing, Delivery, or Possessing with the Intent to Deliver a Controlled Substance" from the June 26, 2018 Information to Establish Prior Conviction[12] is granted.

---

[9]   *Id.*

[10]   Identified at number "2" above from the year 2016.

[11]   ECF No. 139 at 19-20.

[12]   ECF No. 97.

Consequently, the sole remaining issue presently before the Court is whether Crowder's 2009 guilty plea to 35 § Pa. C.S. 780-113 §§ (a)(30), Manufacturing, Delivery, or Possessing with the Intent to Deliver a Controlled Substance in the Lycoming County Court of Common Pleas qualifies as a predicate offense pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 851 so as to increase Crowder's mandatory minimum sentence on all counts. Most significantly, on the four counts where serious bodily injury to a victim is alleged, the statutory mandatory minimum has increased to life imprisonment.

Crowder argues that using this 2009 guilty plea to increase his statutory mandatory minimum term of imprisonment violates his Fifth, Sixth, and Eighth Amendment Rights.

## A. Crowder's allegation of vindictive prosecution fails.

First, Crowder argues that his due process rights under the Fifth Amendment to the United States Constitution have been violated because "the 851 Information was brought solely to punish Mr. Crowder after his counsel's assertion of his lawful rights and after he declined the Government's invitation to cooperate."[13] This, he asserts, is vindictive prosecution.

In *United States v. Goodwin*, Justice John Paul Stevens writing for the Supreme Court stated, "to punish a person because he has done what the law

---

[13]   ECF No. 129 at 8.

plainly allows him to do is a due process violation of the most basic sort."[14] "A

vindictive prosecution claim arises when the government pursues prosecution in

retaliation for the exercise of a protected statutory or constitutional right."[15]

Because "motives are complex and difficult to prove[;] …in certain cases in which

action detrimental to the defendant has been taken after the exercise of a legal

right, the Court has found it necessary to 'presume' an improper vindictive

motive."[16] "Given the severity of such a presumption, however -- which may

operate in the absence of any proof of an improper motive and thus may block a

legitimate response to criminal conduct -- the Court has done so only in cases in

which a reasonable likelihood of vindictiveness exists."[17] The Court is mindful

that, "when the government brings additional charges before trial, but after the

defendant exercises a procedural right, evidence of suspicious timing alone does

not indicate prosecutorial animus."[18]

   The Supreme Court held for the first time in *Bodenkircher v. Hayes*[19] that

the Due Process Clause does not prohibit a prosecutor from carrying out a pretrial

threat to bring additional charges against a defendant.  There, Justice Potter

---

[14]   *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (internal citation omitted).

[15]   *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003).

[16]   *Goodwin*, 457 U.S. at 373.

[17]   *Id.*

[18]   *Falcon,* 347 F.3d at 1004.

[19]   343 U.S. 357 (1978).

Stewart, writing for the court, stated: "Openly present[ing] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution d[oes] not violate the Due Process Clause of the Fourteenth Amendment."[20]

*Bodenkircher* held that additional charges brought by a prosecutor are not an impermissible penalty. Indeed, "the imposition of punishment is the very purpose of virtually all criminal proceedings."[21] "The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protective activity."[22]

"To raise a reasonable doubt as to the propriety of charges added before trial, a defendant must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication."[23] "The affirmative showing is necessary because a prosecutor's pretrial decisions, including the choice to seek increased or additional charges, are

---

[20]  *Bodenkircher v. Hayes*, 434 U.S. 357, 365 (1978).

[21]  *Goodwin,* 457 U.S. at 372.

[22]  *Id,* at 372-3.

[23]  *Falcon*, 347 F.3d at 1004 (internal citations omitted).

presumed valid."[24] "To obtain [an] evidentiary hearing ...[defendant] must offer sufficient evidence to raise a reasonable doubt that the government acted properly in bringing the [] charge."[25]

At the April 22, 2019 hearing, Crowder argued that there is a 'presumption of vindictiveness' in his case because there has never been a plea agreement offered by the Government. The prosecutor responded that the Government had not offered Crowder a plea agreement because they did not expect Crowder to accept a plea to the mandatory minimum lifetime imprisonment sentence. The Assistant United States Attorney stated:

> So it's important in response to Mr. Rymsza's argument, I think, to sort of shift back to really how this happened. Mr. Crowder was charged with a mandatory life -- with charges that carry a mandatory life sentence, and now it's up to him whether or not he wants to give the Government good reason not to pursue the case as it is.
>
> There has been no plea agreement only because it would be a waste of the Government's time to type up a plea agreement that said Mr. Crowder, would you like to plead guilty to a count that carries a mandatory life sentence? Obviously the answer to that would be no. So the Government stands ready to go to trial and convict Mr. Crowder of one of those many counts that will carry a life mandatory sentence, because that's how serious this case is.
>
> It's not about within the negotiations the Government being upset that Mr. Crowder won't cooperate or being upset that Mr. Crowder won't plead guilty. The Government knows where it stands. The Government knows what is at stake, and the Government, at this point, has an

---

[24]  *Id.*

[25]  *Id.*

obligation to pursue the most serious, readily provable offenses because that's what the Department of Justice expects of us. But it's also because it is what members of this community, I think rightly, expect from us I think in a situation this dire.

Crowder also argued during the hearing that the timing of the Section 851 Information, coupled with prosecutorial discretion, lends support to a presumption of vindictiveness, as the notice was not filed contemporaneously with the original September 28, 2017 Indictment. It was only when the Government filed a superseding Indictment on December 14, 2017 that it put Crowder on notice that it would pursue the increased penalties against him.

The AUSA responded to this contention, as follows:

Your Honor, a couple of things that I would like to highlight that I think from my review and I would think from perhaps an objective review from the community that make this case different than a typical drug case. Mr. Rymsza is correct there remains discretion for the U.S. Attorney's offices as to when we file the 851s, as to when we seek increased mandatory minimums and increased penalties in narcotics cases.

We prosecute plenty of narcotics cases. Some of them are very serious. Some of them are not particularly serious. Sometimes we are assisting local investigators in a case that they, for whatever reason, cannot pursue effectively, so we adopt those cases and pursue them here.

This case is not a normal narcotics case. It just isn't. I think whether we were in California, whether we were in Seattle. Whether we still had Attorney General Sessions or we had Attorney General Holder, any defendant facing the charges that Mr. Crowder is facing would also be appropriately facing the 851 increased penalties because of the serious nature of this case.

Obviously we can't ignore the reality of what's going on in central Pennsylvania and elsewhere when it come to the opioid epidemic. I did make reference to the way the Department of Justice has been responding to the opioid epidemic, that for the first time in American history, since it's been recorded, the life expectancy rate is dropping, especially among men in America. And it's generally the opioid crisis that leading to the life expectancy rate going down for the first time in subsequent surveys, since, I think, 50 years ago, or wherever it is that they began doing those surveys.

So that's where we are. And the reality for Mr. Crowder is there are four individuals who are going to come into this courtroom and say he gave them heroin that was tested and found to be laced with carfentanil that led to them overdosing. The Government is going to then attempt to prove that but for medical intervention, there is substantial risk that those four individuals would have died.

So this isn't just a normal narcotics case where I have to decide whether or not the person should face the 20-year statutory maximum or the 30-year statutory maximum, whether the guidelines will appropriately punish the defendant or whether we need a mandatory sentence. There [are] all sorts of things that go into an assistant United States attorney's evaluation of the case, into plea agreements, all sorts of things.

That's not where we are here.

The facts of the case show that it's a very serious case. Mr. Crowder is one of four defendants who were indicted in this case. There was always federal interest because in a town this small when 51 people end up in the emergency room here in Williamsport being treated for overdoses over the course of 48 hours, something has gone wrong. The something that went wrong is Mr. Crowder and other individuals were selling heroin that was laced with carfentanil, a substance that is 100 times more potent then fentanyl, which has already been an issue within the opioid crisis more generally.

So that's how serious this case [is]. So that is why, when you think about prosecutorial vindictiveness, there is no presumption here. The facts show that on the very same date this defendant was charged with one of those serious counts, a count that alleged serious bodily injury,

for causing an overdose, he was also put on notice that the Government would be pursuing the most serious charge with the increased penalty. That has been the Government's position from the very beginning, and it is in line with the Sessions Memo[26] more generally. It is certainly in line with all of law enforcement, I think, and the approach to the opioid epidemic at this point. From an objective standard, that is certainly reasonable.

It's not vindictive to attempt to hold Mr. Crowder accountable based on the serious nature of this case and based on the tools that Congress has laid out for dealing with serious cases like this. The timing of that initial filing, sure, it contained an error. But it certainly shows the Government only had one thing in mind, which was pursuing these very serious charges against Mr. Crowder, regardless of whether or not Mr. Crowder was going to pursue a jury trial.

The Government's arguments are persuasive. Crowder's arguments as to vindictive prosecution are not.

## B. The Section 851 notice filed against Crowder did not violate either the Due Process or the Equal Protection clauses of the Fifth Amendment.

Next, Crowder argues that the filing of the 851 Information violates both the Due Process and Equal Protection clauses of the Fifth Amendment. Crowder

---

[26] What is colloquially known as the "Sessions Memo" changed the Department of Justice policy from that of the prior administration. *See, e.g.,* May 10, 2017 "Memorandum for All Federal Prosecutors" from then Attorney General Jefferson B. Sessions III titled "Department Charging and Sentencing Policy." The policy of the Department of Justice formerly was one of infrequent Section 851 enhancements. *See, e.g.,* September 24, 2014 Memo from then Attorney General Eric Holder, titled "Guidance Regarding § 851 Enhancements in Plea Negotiations." Sessions directed "prosecutors [to] charge and pursue the most serious, readily provable offense." The Sessions Memo stated: "by definition, the most serious offenses are those that carry the most substantial guidelines sentence, including mandatory minimum sentences." *Id.* The Sessions Memo also explicitly rescinded the prior policy that states "prosecutors should decline to seek an enhancement pursuant to 21 U.S.C. § 851 unless the 'defendant is involved in conduct that makes the case appropriate for severe sanctions'" *See* Holder Memo.

argues that "the establishment of a five-year statute of limitations [in the statute] is arbitrary."[27]  Crowder further states: "The Government could not have any rational interest in imprisoning individuals based upon a constitutionally invalid conviction regardless of how old that prior conviction may be."[28]  "Likewise, § 851 creates two classes of individuals: those with prior convictions more than five years old and those with prior convictions that are less than five years old."[29]  "The unequal treatment works to essentially reward rapid recidivists and punish those individuals that sustain a law-abiding lifestyle for extended periods of time."[30]

"Under 21 U.S.C. § 851(e), a defendant is given a five-year window within which to collaterally challenge a prior conviction that the government seeks to use for a sentencing enhancement."[31]  However, the United States Court of Appeals for the Third Circuit has explained that "section 851(e) does not bar every challenge, even when 5 years have passed between the finalization of the prior conviction and the filing of the § 851 notice."[32]  Despite the statute of limitations, I conducted the April 22, 2019 hearing to provide Defendant Crowder an opportunity to be heard

---

[27]  ECF No. 129 at 12.

[28]  *Id.*

[29]  *Id.*

[30]  *Id.*

[31]  *United States v. Badini*, No. 2:09-CR-325, 2015 WL 163479, at *3 (W.D. Pa. Jan. 13, 2015).

[32]  *United States v. Curran*, 527 F. App'x 198, 201 (3d Cir. 2013).

on the validity of using this conviction as a predicate offense under Section 851. Crowder made no further argument on this issue at the hearing.

Courts that have addressed Due Process and Equal Protection challenges to the statute of limitations found in Section 851(e) have routinely rejected these Constitutional arguments. "They have determined that, except for the limited circumstance where a prior conviction was obtained in violation of the right to have counsel appointed, a defendant has no constitutional right to challenge a prior conviction used to enhance a current sentence, and accordingly, section 851(e) does not violate due process."[33] "Several courts have also rejected an equal protection challenge to section 851(e)."[34] "No court has sustained a constitutional attack against this provision."[35] As a consequence, because Crowder has made no argument that his prior conviction was obtained in violation of the right to have counsel appointed, his equal protection and due process challenges to the statute of limitations found in 21 U.S.C. § 851(e) also fail.

---

[33] *United States v. Prior*, 107 F.3d 654, 660–61 (8th Cir. 1997), *see also United States v. Gonzales*, 79 F.3d 413, 426–27 (5th Cir.), 519 U.S. 869, 117 S.Ct. 183, 136 L.Ed.2d 122 (1996); *United States v. Arango–Montoya*, 61 F.3d 1331, 1338 (7th Cir.1995); *United States v. Davis*, 36 F.3d 1424, 1438–39 (9th Cir.1994), *cert. denied*, 513 U.S. 1171, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995); *United States v. Williams*, 954 F.2d 668, 673 (11th Cir.1992).

[34] *Prior* at 661 *citing Gonzales*, 79 F.3d at 426–27; *Davis*, 36 F.3d at 1438–39; *Williams*, 954 F.2d 668, 673.

[35] *Prior* at 661.

## C. The enhancement pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 851 does not constitute cruel and unusual punishment.

Next, Crowder argues that the Section 851 Information filed against him violates the Cruel and Unusual Punishment clause of the Eighth Amendment. Recidivist offenders have routinely made Eighth Amendment arguments in this vein, which courts have, in turn, routinely rejected.

The United States Supreme Court also rejected a similarly cruel and unusual punishment argument brought by a recidivist offender stating: "we consider Ewing's claim that his three strikes sentence of 25 years to life [pursuant to California's 'three strikes' statute] is unconstitutionally disproportionate to his offense of 'shoplifting three golf clubs.'"[36]   The Supreme Court continued:

> In weighing the gravity of Ewing's offense, we must place on the scales not only his current felony, but also his long history of felony recidivism. Any other approach would fail to accord proper deference to the policy judgments that find expression in the legislature's choice of sanctions. In imposing a three strikes sentence, the State's interest is not merely punishing the offense of conviction, or the "triggering" offense: "[I]t is in addition the interest ... in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law." *Rummel*, 445 U.S., at 276, 100 S.Ct. 1133; *Soilem*, supra, at 296, 103 S.Ct. 3001. To give full effect to the State's choice of this legitimate penological goal, our proportionality review of Ewing's sentence must take that goal into account.

---

[36] *Ewing v. California*, 538 U.S. 11, 28, (2003) *citing* Brief for Petitioner 6. (The Supreme Court also noted that "Ewing incorrectly frames the issue. The gravity of his offense was not merely 'shoplifting three golf clubs.' Rather, Ewing was convicted of felony grand theft for stealing nearly $1,200 worth of merchandise after previously having been convicted of at least two "violent" or "serious" felonies.")

Ewing's sentence is justified by the State's public-safety interest in incapacitating and deterring recidivist felons, and amply supported by his own long, serious criminal record.[37]

The Supreme Court concluded that "Ewing's sentence of 25 years to life in prison, imposed for the offense of felony grand theft under the three strikes law, is not grossly disproportionate and therefore does not violate the Eighth Amendment's prohibition on cruel and unusual punishments."[38]

Additionally, in *Harmelin v. Michigan*, the Supreme Court held that that the imposition of a mandatory sentence of life in prison without possibility of parole, without any consideration of mitigating factors, such as fact that petitioner had no prior felony convictions, did not constitute cruel and unusual punishment; severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense.[39]

The Supreme Court has also explained that to determine if a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, the reviewing court must make a proportionality determination. The Court stated in *Solem v. Helm*, "we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been

---

[37] *Id.*

[38] *Id.* at 30-1.

[39] 501 U.S. 957 (1991).

convicted."[40]  The *Solem* Court continued, "When sentences are reviewed under the Eighth Amendment, courts should be guided by objective factors that our cases have recognized.  First, we look to the gravity of the offense and the harshness of the penalty."[41]

At the April 22, 2019 hearing, the Government persuasively argued, as follows:

> Your Honor, only on behalf of the Government to sort of push back on what -- on Mr. Rymsza's characterization as a nonviolent drug offender and someone who has never killed someone.  Within this case -- and that's certainly true, he hasn't been charged with murder.  In one of the counts he's charged with delivery to a young woman named Delaney Farrell.
>
> Based off the evaluations of the facts on this case, it's likely, based on our evaluation, there was a subsequent drug dealer who provided her with substances that also were heroin laced with carfentanil.  But Mr. Crowder did in the morning and this individual did in the afternoon.  By around 8:00 p.m. that date, after this young woman interacted with Mr. Crowder, she died alone in a bathroom stall.  She was a few weeks shy of her 24th birthday.  Having shot up the same substances that Mr. Crowder gave her, but it's impossible for us to know which of the bags she would have used at that point; whether it would have come from the other person or whether it would have come from Mr. Crowder.
>
> There was no one to call 911 for Ms. Farrell, whereas there were people who were able to get medical attention for these other four individuals that I have already referenced that Mr. Crowder gave the same substances to over the same few days.

---

[40]  *Solem v. Helm*, 463 U.S. 277, 290 (1983).

[41]  *Id.* at 290-91.

So I understand this notion that, you know, if you haven't been charged with murder, generally that's why people go to jail for the rest of their life, but Ms. Farrell is just as dead as anybody else's daughter who ended up dead at the end of a federal crime. That's all I have to say.

As to whether or not it's cruel and unusual to send this 20-something-year-old man to jail for the rest of his life is that there is a family here in the Williamsport area whose daughter is gone because of at least what that defendant was a part of.

So that would be the Government's response to whether or not that's cruel or unusual. And certainly, as Mr. Rymsza conceded, this is a policy argument. There is nothing constitutionally at issue here, really. The law doesn't require you to strike an information of 851. I'm not even sure the law allows it based on these policy disputes where the Government says drug offenses are serious and the defense bar says they're really not that big of a deal.

The Supreme Court in *Solem* also stated: "Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction."[42] This factor is simple to analyze in the federal schema set forth by Section 851 – all federal recidivist drug defendants who have caused death or serious bodily injury as a result of their drug distribution activities are sentenced to the same mandatory minimum term of life imprisonment.

Finally, the *Solem* Court suggested that "courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions."[43] Other circuits, that have squarely considered the issue of whether a

---

[42]  *Id.* at 291.

[43]  *Id.*

mandatory minimum sentence of life imprisonment violates the Eighth

Amendment's prohibition against cruel and unusual punishment, have rejected this

argument.[44]

In sum, Crowder, a recidivist offender, who has allegedly caused serious

bodily injury to four victims as a result of drug distribution, now faces a mandatory

minimum term of life imprisonment.  Given the totality of these circumstances, the

seemingly draconian punishment which he confronts is not disproportionate to the

crime charged, particularly in relationship to his criminal history.  Consequently, I

conclude that the mandatory life term Defendant Crowder may face is not in

violation of the Eighth Amendment.

### D.  The First Step Act did not reduce the mandatory minimum sentence under 21 U.S.C. § 21 U.S.C. § 841(b)(1)(C)

Finally, Crowder argues in supplemental briefing that the applicable

mandatory minimum sentence applicable to him was reduced by the First Step Act

of 2018. Crowder's argument is misplaced.

The First Step Act, amongst other things, both reduced statutory mandatory

minimums and definitions of predicate offenses found in subsections (b)(1)(A) and

---

[44] *See United States v. Smith,* 609 F. App'x 340, 348 (6th Cir. 2015); *United States v. Kelsor*, 665 F.3d 684, 701 (6th Cir.2011); *United States v. Hoffman*, 710 F.3d 1228, 1232–33 (11th Cir.2013); *United States v. Fragoso*, 978 F.2d 896, 903 (5th Cir.1992); *United States v. Lopez*, 459 F. App'x 488, 489 (5th Cir. 2012); *United States v. Jensen*, 425 F.3d 698, 706-07, 708 (9th Cir.2005); *United States v. Cannon*, 429 F.3d 1158, 1161 (7th Cir.2005); *United States v. Strahan*, 565 F.3d 1047, 1053 (7th Cir. 2009); *United States v. Sykes*, 304 F. App'x 10, 14 (2d Cir. 2008).

(B) of 21 U.S.C. § 841.  Prior to the enactment of the First Step Act, the statutory mandatory minimum under 21 U.S.C. §841(b)(1)(A) was 20 years for one prior conviction for a 'felony drug offense' [45] and life for two prior 'felony drug offense' convictions.  Similarly, prior to the enactment of the First Step Act, the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(B) was 10 years for one prior conviction for a 'felony drug offense.'

Following the enactment of the First Step Act, under 21 U.S.C. § 841(b)(1)(A) the mandatory minimum has been reduced from 20 years to 15 years for one prior conviction for a 'serious drug felony[46]' or a 'serious violent felony;'[47] and the statutory mandatory minimum has been reduced from life imprisonment to 25 years for two or more prior convictions for a 'serious drug felony' or 'serious violent felony.'  Under 21 U.S.C. § 841(b)(1)(B), the First Step Act maintained a

---

[45] 'Felony drug offense' is defined in 21 U.S.C. § 802(44) as "means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  Crowder's prior drug conviction meets this definition.

[46] The definition of a 'serious drug felony' is narrower than that of a 'felony drug offense.'  "The term 'serious drug felony' means an offense described in section 924(e)(2) of Title 18 for which-- (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  21 U.S.C. § 802(57).

[47] 'Serious violent felony is defined at 21 U.S.C. § 802(58) as "The term 'serious violent felony' means-- (A) an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months; and (B) any offense that would be a felony violation of section 113 of Title 18, if the offense were committed in the special maritime and territorial jurisdiction of the United States, for which the offender served a term of imprisonment of more than 12 months."

statutory mandatory minimum of 10 years, but a 'felony drug offense' no longer qualifies as a predicate. Instead, the predicate must be either one prior conviction for a 'serious drug felony' or a 'serious violent felony.'

The First Step Act did not reduce the mandatory minimum nor eliminate or change the term 'felony drug offense' language found in 21 U.S.C. § 841(b)(1)(C), the statute under which Crowder faces four criminal charges. Crowder's attempt to stretch Congress's plain intent in the First Step Act, fails.

## III.   CONCLUSION

For all of the reasons above, the Motion to Strike is GRANTED in part and DENIED in part.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge