UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 4:17-CR-00291 |
| v. | |
| NATHAN CROWDER, MARKEESE ASKEW, | |
|    a.k.a "Malt Jones," | JUDGE BRANN |
|    a.k.a "West Philly Malt," | |
| WAYNE DAVIDSON, | |
|    a.k.a "Say Say," | |
| RAYMOND HOWARD, | |
|    a.k.a. "Smiles," | |
|    a.k.a. "Smizz" | FILED VIA ECF |
|           Defendants | |

FILED WILLIAMSPORT JUL 25 2019 PER ___ DEPUTY CLERK

## THIRD SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### 21 U.S.C. § 846
(Conspiracy to distribute controlled substances)

From in or about October 2016 and continuing to in or about July 2017, in Lycoming County, within the Middle District of Pennsylvania, and elsewhere, the defendants,

NATHAN CROWDER,
MARKEESE ASKEW,
WAYNE DAVIDSON,
and

1

## RAYMOND HOWARD,

did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with each other and other persons both known and unknown to the grand jury, to commit offenses against the United States, namely to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute controlled substances, including heroin, and mixtures and substances containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

### Manner and Means

To carry out the conspiracy, the conspirators employed the following manner and means, among others:

The conspirators distributed heroin and a mixture of heroin and carfentanil to sellers and users of those controlled substances in the Williamsport area.

The conspirators used cellular telephones to arrange and facilitate transactions involving heroin and carfentanil.

The conspirators shared information concerning the quality of controlled substances being sold at various times throughout the

conspiracy.

The conspirators shared information concerning the price of different amounts of controlled substances being sold at various times of the conspiracy.

The conspirators traveled by car, from various locations in Lycoming County, Pennsylvania to Philadelphia, Pennsylvania, for the purpose of obtaining, transporting, and distributing bulk quantities of heroin.

The conspirators directed other members of the conspiracy to specific locations in order to arrange the distribution of controlled substances to users.

The conspirators relayed information concerning law enforcement presence in order to evade detection throughout the conspiracy.

The conspirators shared information regarding demand for controlled substances at various times of the conspiracy.

The quantity of heroin involved in the conspiracy attributable to defendants RAYMOND HOWARD and WAYNE DAVIDSON is 100 grams and more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections

841(a)(1) and (b)(1)(B).

The quantity of heroin involved in the conspiracy attributable to defendants MARKEESE ASKEW and NATHAN CROWDER is an unspecified amount of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

RAYMOND HOWARD and WAYNE DAVIDSON conspired to distribute a controlled substance, including a mixture and substance containing a detectable amount of heroin and carfentanil, the use of which resulted in serious bodily injury to persons identified as BK, SP, RS, and CS, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before RAYMOND HOWARD committed the offense charged in this count, RAYMOND HOWARD had a final conviction under Title 21, United States Code, Section 841(a)(1) for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

The Grand Jury incorporates by reference the succeeding counts

this Indictment as additional manner and means of the conspiracy.

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

COUNT 2
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute a controlled substance)

On or about January 31, 2017, in Luzerne County, within the Middle District of Pennsylvania, the defendant,

NATHAN CROWDER,

did knowingly, intentionally and unlawfully possess with the intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

COUNT 3
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about June 28, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**NATHAN CROWDER,**

did knowingly, intentionally and unlawfully possess with intent to distribute, and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to JJ resulted from the use of such substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 4</u>
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about June 28, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**WAYNE DAVIDSON,**

did intentionally, knowingly, and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture

6

and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to BK resulted from the use of such substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5
## 21 U.S.C. § 841(a)(1)
### (Possession with intent to distribute/distribution of controlled substances)

On or about June 28, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

### WAYNE DAVIDSON,

did intentionally, knowingly, and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT 6
## 21 U.S.C. § 841(a)(1)

(Possession with intent to distribute/distribution of controlled substances)

On or about June 28, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

### WAYNE DAVIDSON,

did intentionally, knowingly, and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to SP resulted from the use of such substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 7
### 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about June 29, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

### NATHAN CROWDER,

did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to JS resulted from the use of such substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

COUNT 8
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about June 29, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

WAYNE DAVIDSON,

did intentionally, knowingly, and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to RS and CS resulted from the use of such

substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 9</u>
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute controlled substances)

On or about June 29, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**WAYNE DAVIDSON,**

did intentionally, knowingly, and unlawfully possess with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 10</u>
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about June 30, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**MARKEESE ASKEW,**

did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to RS resulted from the use of such substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**THE GRAND JURY FURTHER CHARGES:**

<u>Count 11</u>
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about June 30, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**NATHAN CROWDER,**

did knowingly, intentionally and unlawfully possess with intent to

distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

Count 12
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about June 30, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

NATHAN CROWDER,

did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to BB resulted from the use of such substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

<u>Count 13</u>
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about July 7, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**NATHAN CROWDER,**

did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, and serious bodily injury to AM resulted from the use of such substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**THE GRAND JURY FURTHER CHARGES:**

<u>Count 14</u>
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about July 25, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

13

**MARKEESE ASKEW,**

did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of heroin and fentanyl, Schedule I and Schedule II controlled substances,

In violation of Title 21, United States Code, Sections 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>Count 15</u>
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of fentanyl)

On or about August 14, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**MARKEESE ASKEW,**

did knowingly, intentionally and unlawfully possess with the intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

## Count 16
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of methamphetamine)

On or about August 14, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**MARKEESE ASKEW,**

did knowingly, intentionally and unlawfully possess with the intent to distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

THE GRAND JURY FURTHER CHARGES:

## Count 17
21 U.S.C. § 841(a)(1)
(Possession with intent to distribute/distribution of controlled substances)

On or about August 15, 2017, in Lycoming County, within the Middle District of Pennsylvania, the defendant,

**MARKEESE ASKEW,**

did knowingly, intentionally and unlawfully possess with intent to

distribute and did distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of fentanyl and methamphetamine, Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1).

A TRUE BILL

7/25/19
DATE

GRAND JURY FOREPERSON

DAVID J. FREED
UNITED STATES ATTORNEY

7/25/2019
DATE

BY:

ALISAN V. MARTIN
ASSISTANT U.S. ATTORNEY